Davis Polk

Kannon Shanmugam
+1 202 962 7010
kshanmugam@davispolk.com

Davis Polk & Wardwell LLP
1050 17th Street, NW
Washington, D.C. 20036
davispolk.com

October 14, 2026

**BY ELECTRONIC FILING**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Arm Ltd.* v. *Qualcomm Inc.*, No. 25-2923

Dear Ms. Dodszuweit:

I write in response to the Court's October 2 order inviting the parties to file supplemental letter briefs regarding the role of the judge and jury in resolving Qualcomm's declaratory-judgment counterclaim. Under federal law—and as the parties agreed—the district court properly allowed that claim to be tried before a jury based on substantive principles of California contract law.

1. Regarding the Court's first question, Qualcomm's declaratory-judgment counterclaim was properly tried before a jury under federal law for two independent reasons: (1) the parties consented to a jury trial on that claim, and (2) the counterclaim was properly heard by a jury based on the nature of the claim.

a. Federal law determines whether a claim should be resolved by a judge or a jury in federal court. In *Byrd* v. *Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525 (1958), the Supreme Court held that the "federal policy favoring jury decisions of disputed fact questions" should not "yield" to a contrary state rule. *Id.* at 538. That principle is now well settled. *See, e.g.*, *Simler* v. *Conner*, 372 U.S. 221, 222 (1963); 9 Charles A. Wright et al., *Federal Practice & Procedure* § 2303 (4th ed. Apr. 2026 update) (Wright & Miller).

That is particularly true here given that the Federal Rules of Civil Procedure squarely answer the question whether Qualcomm's counterclaim was properly tried before a jury. *See Shady Grove Orthopedic Associates, P.A.* v. *Allstate Insurance Co.*, 559 U.S. 393, 398 (2010). Rule 39(c)(2) permits a court, "with the parties' consent," to "try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right." That consent may be express or implied. For instance, "[i]f one party demands a jury, the other parties do not object, and the court orders trial to a jury, this will be regarded as trial by consent," and the

Davis Polk

jury's verdict will be binding on the parties. *Bereda* v. *Pickering Creek Industrial Park, Inc.*, 865 F.2d 49, 52 (3d Cir. 1989) (citation omitted); *see* Wright & Miller § 2333.

The parties consented to have Qualcomm's counterclaim tried before a jury. After the district court asked for the parties' views on the issue, Qualcomm argued that the counterclaim should be heard by the jury. Appx5396-5397. In response, Arm wrote that it "agree[d] that the fact predicates for [d]efendants' declaratory-judgment counterclaims go to the jury," but that "the ultimate declaration sought by [d]efendants is a remedies question for the [district court]." Appx5400-5401. At a subsequent hearing, Arm confirmed that it had "agreed and consented to a jury trial," Appx5474-5475, and the parties proceeded to try the case before the jury.

b. Even if the parties had not consented, Qualcomm's declaratory-judgment counterclaim was properly tried before a jury. To determine whether a party is entitled to a jury trial for a declaratory-judgment claim under federal law, a court asks "in what kind of suit the claim would have come to court if there were no declaratory judgment remedy." *Asten-Johnson, Inc.* v. *Columbia Casualty Co.*, 562 F.3d 213, 223 (3d Cir. 2009) (citation and emphasis omitted). If a declaratory-judgment action is "brought by one who would have been a defendant at common law," then the "parties have a right to a jury." *Id.*

Qualcomm's counterclaim sought a declaration that its CPUs were "fully licensed" under the Qualcomm ALA. Appx0363-0364. Licensure is an affirmative defense to patent, trademark, and copyright infringement. *See AlexSam, Inc.* v. *Aetna, Inc.*, 119 F.4th 27, 36 (Fed. Cir. 2024) (patent); *MacLean Associates, Inc.* v. *Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 771, 778-779 (3d Cir. 1991) (copyright); *I.M. Wilson, Inc.* v. *Otvetstvennostyou "Grichko"*, 614 F. Supp. 3d 114, 151 (E.D. Pa. 2022) (trademark). And notably, earlier in this action, Arm had asserted trademark-infringement claims against Qualcomm and sought damages, dropping them only shortly before trial. *See* Appx0045-0055; Appx5034. Where a holder of intellectual property could seek legal remedies—as Arm previously did here—a counterclaim for a declaratory judgment of licensure gives rise to a jury-trial right. *See In re Lockwood*, 50 F.3d 966, 976 (Fed. Cir.), *vacated*, 515 U.S. 1182 (1995); *Tegal Corp.* v. *Tokyo Electron America, Inc.*, 257 F.3d 1331, 1340 (Fed. Cir. 2001) (following *Lockwood*).

Finally, even assuming that California law were to apply to this issue, the counterclaim was properly tried before a jury. In an action for declaratory relief, a California court looks to whether "the issues raised in the complaint are legal or equitable in nature," and a defendant may be "entitled to a jury regardless of whether that underlying legal claim remains 'inchoate.'" *Entin* v. *Superior Court*, 146 Cal. Rptr. 3d 52, 54, 60 (Ct. App. 2012) (alterations, citation, and emphasis omitted). That rule is similar to the federal rule, and it applies here for the reasons just explained.

2. Regarding the Court's second and third questions, the district court properly applied California law regarding the role of extrinsic evidence in contract interpretation in tasking the jury with resolving conflicts in that evidence and in denying Arm judgment as a matter of law under Rule 50. *See* Appx0007-0008.

Davis Polk

a. As an initial matter, the parties agreed that California law would govern the interpretation of the Qualcomm ALA. Under both federal and California law, parties may contractually agree to choice of law (and waive or forfeit choice-of-law objections). *See, e.g.*, *Great Lakes Insurance SE* v. *Raiders Retreat Realty Co.*, 601 U.S. 65, 70-71 (2024); *Williams* v. *BASF Catalysts LLC*, 765 F.3d 306, 316 (3d Cir. 2014); *Applera Corp.* v. *MP Biomedicals, LLC*, 93 Cal. Rptr. 3d 178, 196 (Ct. App. 2009); *Karlsson* v. *Ford Motor Co.*, 45 Cal. Rptr. 3d 265, 293 (Ct. App. 2006). Here, the parties agreed to a California choice-of-law clause in the Qualcomm ALA. Appx6915. In addition, the parties have consistently invoked California's rules of contract interpretation, and Arm has maintained throughout this litigation that California law applies to Qualcomm's counterclaim, relying on that law in its pretrial statement, *see* Appx5150; in the jointly proposed jury instructions, *see* Appx6600-6606; and on appeal, *see* Br. of Appellant 17.

b. Even setting aside the parties' agreement, the district court properly applied California's rules regarding the role of extrinsic evidence in contract interpretation. In doing so, it acted consistently with the approach taken by other federal courts. *See, e.g.*, *Trident Center* v. *Connecticut General Life Insurance Co.*, 847 F.2d 564, 568-570 (9th Cir. 1988); *In re Downey Financial Corp.*, 593 Fed. Appx. 123, 125-126 (3d Cir. 2015). That approach is consistent with the principle that "the parol evidence rule is substantive rather than evidentiary," such that a federal court sitting in diversity "appl[ies] state law." *Betz Laboratories, Inc.* v. *Hines*, 647 F.2d 402, 405 (3d Cir. 1981). It is also consistent with the principle that, where contractual language is "ambiguous," a federal court may properly conclude that "deciding the intent of the parties becomes a question of fact for a jury" where permitted by the governing state law. *American Eagle Outfitters* v. *Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009).

Under California law, where the "language of the [contract] is 'reasonably susceptible' of either one of the two interpretations" proposed by the parties, "extrinsic evidence relevant to prove either of such meanings" is admissible, and a federal district court "d[oes] not err in letting the jury resolve the conflict"; indeed, "[a]s trier of fact, it is the jury's responsibility to resolve any conflict in the extrinsic evidence properly admitted to interpret the language of a contract." *First National Mortgage Co.* v. *Federal Realty Investment Trust*, 631 F.3d 1058, 1067 (9th Cir. 2011) (citations omitted). The district court correctly adhered to that approach and submitted the conflicting extrinsic evidence to the jury because the Qualcomm ALA was at least reasonably susceptible to Qualcomm's interpretation. *See* Br. of Appellees 26-27, 35-37.

c. Finally, even assuming that federal law were to govern the method of contractual interpretation, the jury was properly charged with resolving Qualcomm's declaratory-judgment counterclaim. The jury was asked to determine whether "the Qualcomm CPUs that include designs acquired in the Nuvia acquisition are licensed under the Qualcomm ALA." Appx0002. The answer implicated conflicting extrinsic evidence about the meaning of the Qualcomm ALA. *See* Br. of Appellees 35-37. Such disputes of fact are traditionally resolved by juries. *See, e.g.*, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, the jury needed to apply the legal standard—the language of the Qualcomm ALA's

Davis Polk

license provision—to the evidence, such as the design and development work performed by Qualcomm employees at Qualcomm for the CPUs in question. *See* Br. of Appellees 12-13, 31. Resolving "the application-of-legal-standard-to-fact sort of question" presents a paradigmatic mixed question for a jury. *Hana Financial, Inc.* v. *Hana Bank*, 574 U.S. 418, 423-424 (2015). Accordingly, regardless of whether state or federal law applies, the district court properly allowed the jury to resolve Qualcomm's declaratory-judgment counterclaim.

Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam

cc: Counsel of record

Davis Polk

## CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMITATIONS

1. I hereby certify that this brief complies with the type-volume limitation of this Court's order of October 2, 2026, because it contains 1,487 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the electronic filing requirements of Third Circuit Rule 31.1(c) because the electronic copy has been scanned for viruses using Bitdefender Total Security (version 27.0.63.360) and, according to that program, is free of viruses.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM

DavisPolk

## CERTIFICATE OF SERVICE

I, Kannon K. Shanmugam, counsel for appellees Qualcomm Incorporated, Qualcomm Technologies, Inc., and Nuvia, Inc., and a member of the Bar of this Court, hereby certify that, on October 14, 2026, an electronic copy of this brief was filed with the Clerk using the Court's electronic-filing system. I further certify that all parties required to be served have been served.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM